■ ALEXANDER GELBER, as Parent and Natural Guardian of MARTIN GELBER and Another, Infants, et al., Respondents, v. NEW YORK CENTRAL SYSTEM, Appellant. ALEXANDER GELBER et al., Respondents, v. NEW YORK CENTRAL SYSTEM, Appellant.— Order unanimously reversed, without costs, and motion denied. Memorandum: Plaintiffs sued defendant claiming that on December 29, 1965 they sustained injuries as the result of the negligence of the defendant, while they were passengers on its railroad. They applied to Special Term for an order, pursuant to CPLR 3107, requiring defendant to produce an employee to be examined concerning the disposition of assets, special funds, agreements and proceeds set aside by defendant for payment of railroad passenger claims. Defendant admitted its liability and entered into settlement negotiations with plaintiffs, but the negotiations were discontinued after proceedings for defendant's reorganization were filed June 21, 1970 in the District Court of the United States for the Eastern District of Pennsylvania. CPLR 3101 permits disclosure of all evidence material and necessary in the prosecution or defense of an action. The evidence sought herein by plaintiffs is not material in the prosecution of this case and there is no authority for granting the order sought. CPLR 5223 authorizes disclosure of all matters relevant to the satisfaction of a judgment but it is not applicable since plaintiffs have not obtained a judgment. (Appeal from order of Erie Special Term granting motion to examine.) Present — Marsh, J. P., Gabrielli, Moule, Cardamone and Henry, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BARBARA LETTS, Appellant.— Judgment unanimously modified in the exercise of discretion and matter remitted to the County Court of Wyoming County for further proceedings in accordance with the following memorandum: While the record provides ample support for the defendant's conviction of violating section 230.30 of the Penal Law, we are of the opinion that institutional confinement is not necessary at this time. It appears that the defendant, who has no prior criminal record, can, under the peculiar circumstances present, obtain the necessary guidance and rehabilitation through probation supervision. The execution of defendant's sentence is suspended and she is placed on probation for a term not to exceed five years upon terms and conditions to be imposed by the County Court pursuant to section 65.10 of the Penal Law. (Appeal from judgment of Wyoming County Court convicting defendant of criminally selling a dangerous drug, fourth degree.) Present — Del Vecchio, J. P., Marsh, Witmer, Gabrielli and Moule, JJ.

■ DANIEL COOKE, an Infant, by LOUISE COOKE, Her Mother and Natural Guardian, Respondent, v. CITY SCHOOL DISTRICT, ROCHESTER, Appellant.— Order unanimously reversed, without costs, and motion denied without prejudice to its renewal upon proper papers. Memorandum: This record which failed to set forth the infant's age was insufficient for Special Term to exercise its discretion in permitting the filing of a late claim (General Municipal Law, § 50-e, subd. 5; *Chao* v. *Westhill Cent. School Dist.*, 35 A D 2d 1071). (Appeal from order of Monroe Special Term, granting motion to file late notice of claim.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Cardamone and Henry, JJ.